UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NATIONAL CITY BANK, N.A., )
                               Plaintiff, )
     v. )
REPUBLIC MORTGAGE HOME LOANS, )
LLC, JOSH WESTMARK, SUSAN )
TALLMAN, TAMIEKO CODUTE, and )
SOUN MOFFETT, )
                               Defendants. )
_____)

No. C09-1550RSL

ORDER REGARDING COMPLIANCE
WITH PARAGRAPH 3 OF THE
TEMPORARY RESTRAINING ORDER

This matter comes before the Court on plaintiff's "Emergency Motion for Compliance with Temporary Restraining Order." Dkt. # 7. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to paragraph 3 of the Temporary Restraining Order issued on October 30, 2009, defendants were required to "return to National City Bank any and all records, documents, and/or information pertaining to National City Bank customers . . . and to purge any such information that is not capable of being physically relinquished to National City Bank . . . ." Dkt. # 5 at 3. Defendants Westmark, Codute, and Republic Mortgage Home Loans acknowledge that they possess the names and/or contact information of National City Bank customers. Nevertheless, they argue that this information need not be returned because (a) the information was not provided by National City Bank and therefore cannot be "returned," (b) the information is the personal property of the individual defendants or is co-mingled with other non-National

City Bank information, and (c) National City Bank already has the information, so there is no need to return it. None of defendants' arguments is well-taken.

Plaintiff has demonstrated that defendants were targeting clients of National City Bank as potential customers. Paragraph 3 was intended to deprive defendants of information that defendants obtained while employed by National City Bank: such information is generally considered the property of the employer, and defendants have offered no case law or authority supporting their theory of personal ownership. The fact that National City Bank did not provide defendants with an official "customer list" before they left plaintiff's employ is irrelevant: "information pertaining to National City Bank's customers" must be returned or purged, regardless of its form. If defendants retained or compiled customer information that was acquired during their time with National City Bank, whether in a database, rolodex, or other format, such information is subject to paragraph 3. Nor is this a dispute to be hashed out in discovery. Plaintiff demonstrated that it will suffer irreparable harm and loss if defendants are permitted to (a) convert the property of National City Bank to defendants' own use and benefit and (b) solicit National City Bank accounts, clients, and customers. The purpose of paragraph 3 was to mitigate this harm by making it impossible for defendants to gain an advantage using information they obtained while employed by National City Bank. Whether National City Bank also possesses the customer information is beside the point.

For all of the foregoing reasons, plaintiff's motion is GRANTED. Defendants are out of compliance with the Temporary Restraining Order issued on October 30, 2009, insofar as they have failed to return or purge information, in any and every form, pertaining to National City Bank customers. By noon on Thursday, November 12, 2009:

1. Defendant Westmark shall purge his contact list of all names and information acquired during his time at National City Bank and provide a summary of such purged records (including

names and other identifying data) to National City Bank;

2. Defendant Codute shall return a copy of the BDR reports in her possession to National City Bank and shall deliver the originals to her attorney, Robert Henry, for safe keeping until this matter is resolved.[1]

3. Defendant Republic Mortgage Home Loans shall individually and personally contact all former National City Bank employees to determine whether they have information obtained while employed at National City Bank and shall return or purge such information pursuant to paragraph 3 of the Temporary Restraining Order.

Dated this 10th day of November, 2009.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

---

[1] Ms. Codute is using or may use these documents to support her unpaid wage claim against National City Bank. Whether such use is appropriate has not been addressed, but it does not appear to pose a threat to plaintiff's legitimate business interests.

ORDER REGARDING COMPLIANCE
WITH PARAGRAPH 3 OF THE
TEMPORARY RESTRAINING ORDER         -3-